

**LAW OFFICE OF ALEXANDER SAKIN, LLC**

80 BROAD STREET
SUITE 703
NEW YORK, NY
10004 - 2203

T | (646) 790.3108
E | ALEX @ SAKIN-LAW.COM
W | SAKIN-LAW.COM

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/11/2021

May 11, 2021

**BY ECF**
Hon. Valerie Caproni
U.S. District Court
Southern District of New York
40 Foley Square
New York, 10007

    Re:    *Izard* et al. *v. Quest Energy Corp.* et al., 20-CV-8608

Dear Judge Caproni:

    We represent Plaintiffs and write, with the consent of Defendants, to respectfully propose the bifurcation of discovery of this matter, and to respectfully request the extension of the parties' deadline to complete discovery. Bifurcation – to which Defendants agree – is desirable in this matter, which concerns two sets of claims, one set going to Defendants' contractual liability, and a second set of more fact-intensive claims concerning Defendants' alleged fraudulent conveyance of assets in connection with their debt.

    *Background*

    Plaintiffs are six investors who collectively invested $400,000 in secured promissory notes (the "Notes") issued by Defendant Quest Energy Corporation ("Quest"), a coal mining company. The Notes were backed by the assets and rights associated with Samuel Coal Company, Inc. ("Samuel Coal") a coal company owned by Quest. Plaintiffs assert that payment of the Notes' principal was further guaranteed by the personal guarantees of Quest's principals – Individual Defendants Mark C. Jensen and Thomas M. Sauve (the "Individual Defendants").

    Concurrent with the issuance of the Notes, and in further exchange for the investment in Quest, the Company executed a Royalty Agreement with Plaintiffs, pursuant to which Quest

1

agreed to pay Plaintiffs specific amounts per ton of all gross sales of coal.  Plaintiffs assert that, following their issuance in March 2013, Quest made sporadic monthly payments on the Notes and the Royalty Agreement until September 2014.  After that month, Plaintiffs assert that all payments on the Notes and the Royalty Agreement ceased, without explanation.  These facts (among others) form the basis for Plaintiffs' claims alleging breach of the contracts underlying the promises contained in the Notes (Counts nos. 1-3 in the Complaint), alleging breach of the Individual Defendants' personal guarantees (Count no. 4), and seeking enforcement of the security underlying the Notes (Count no. 5).

In addition, Plaintiffs assert that in September 2016, Defendant Jensen announced to Plaintiffs that he had transferred his personal assets to a "trust" in an attempt to render himself judgment-proof and his personal guarantee toothless.  Around the same time, as alleged by Plaintiffs, Jensen further admitted that Quest had disposed of, or otherwise impaired, the collateral that had secured the Notes.  On the basis of these allegations, and to avoid running afoul of any statutes of limitations, Plaintiffs brought two claims for fraudulent conveyance against Jensen and Quest and Samuel Coal, the two corporate defendants (Counts nos. 6 and 7).

Defendants deny that the Individual Defendants are personally liable, and have a number of affirmative defenses, including waiver, and most importantly usury.  Among other things, Defendants assert that the payments referred to in this matter ceased because Quest's operations ceased and the company had no resources.  According to Defendants, this cessation of operation and the financial condition of the company were clearly communicated to Plaintiffs.

The parties have exchanged a not insubstantial volume of documentary discovery in this action, much of it relating to the issue of liability.  However, despite discussion over the past month, there remains substantial disagreement over the scope of discovery related to the fraudulent conveyance claims, with Defendants altogether objecting to over 10 document requests propounded by Plaintiffs related to fraudulent conveyance.

*Argument*

With discovery on the issue of liability nearing completion, and rather than expend the litigants' and the Court's resources in adjudicating thorny discovery issues concerned with fraudulent conveyance, the parties have conferred, and propose to bifurcate discovery in this case.  Fed. R. Civ. P. 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, [a] court may order a separate trial for one or more separate issues [or] claims." And, "the presence of only one of these conditions" is required for the Court to order a separate trial.  *Ricciuti v. N.Y.C. Transit Authority*, 796 F. Supp 84, 85 (2d Cir. 1992) (internal citation omitted).  As to specific circumstances meriting bifurcation, the Second Circuit explained that "bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue . . .". *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) (internal citation omitted).  The latter circumstance is present here.

In an analogous situation, the Court ordered bifurcation of the trial where Plaintiff asserted account stated and fraudulent conveyance and alter ego claims, reasoning that such solution would: 1) further the goal of efficiency, as failure on the discrete, narrow, account stated

claim would obviate the need to litigate the rest of the claims; and 2) avoid the situation where, at trial, Defendants' defense of their account stated claim would be prejudiced by the presence of the morally-charged fraud-based claims. *Candelarie v. Sci. Innovations, Inc.*, 2011 U.S. Dist. LEXIS 87328, at *4-6 (E.D.N.Y. Aug. 3, 2011).

Here, the parties respectfully propose that the Court permit the parties to complete discovery, and summary judgment practice, on the relatively narrow contract-related claims for breach of contract and for breach of Individual Defendants' personal guarantees (and the related issue of enforcement of the security underlying the Notes). In the event that any or all of Jensen, Quest, or Samuel Coal – the Defendants against whom Plaintiffs assert fraudulent conveyance claims – are found liable on the contract-related claims, the parties respectfully request that the Court permit additional discovery on the issue of fraudulent conveyance. If, however, Jensen, Quest, and Samuel Coal are found *not* liable on the contract-related claims, or if the parties settle the matter following summary judgment practice on the contract-related claims, then the issue of fraudulent conveyance becomes moot, with the parties – and the Court – having avoided a potentially futile expenditure of resources.

In addition, the parties respectfully request that the end of fact discovery, currently set at May 14, 2021, be extended 45 days to June 28, 2021, to allow the parties to finish all discovery on the contract-related claims, including depositions. Finally, should the Court not grant the relief sought in this letter, the parties respectfully request that the deadline to complete all fact discovery be extended by 75 days to July 28, 2021.

We are available at the Court's convenience.

Respectfully,

Alexander Sakin

Application DENIED. The Court will not grant a request to bifurcate discovery three days before the fact discovery deadline.

The fact discovery deadline is extended to **June 14, 2021.** The pretrial conference scheduled for May 21, 2021 is adjourned to **June 25, 2021 at 10:00 a.m.** The parties' joint letter is due by **June 17, 2021.** The parties must appear for the conference by dialing 888-363-4749, using the access code 3121171 and the security code 8608. Any recording or retransmission of the hearing is prohibited.

Upon a joint request, the Court is happy to refer this case to Magistrate Judge Gorenstein for a settlement conference.

SO ORDERED.

5/11/2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

3